COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-129-CR

 

 

RASHAD ANDREA FULLER                                                    APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------








Appellant Rashad Andrea
Fuller appeals his conviction for failing to comply with the sex offender
registration requirements of former article 62.01(5)(F) of the code of criminal
procedure, which required sex offenders to report their Asecond conviction@ for indecent exposure.[1]  In one issue, appellant complains that the
trial court erred by denying his motion to quash the indictment because it
erroneously charged him with failing to report as a Asecond conviction@ a conviction for indecent exposure that occurred on the same day as
another conviction for indecent exposure. 
We affirm.

On December 8, 2004,
appellant was indicted for the state jail felony offense of failing to comply
with sex offender registration requirements. 
The indictment provided that appellant Aintentionally or knowingly fail[ed] to report . . . two convictions
for indecent exposure in cause number 0819028 on the 20th day of September,
2001 in the County Criminal Court Number 10 of Tarrant County, Texas and in
cause number 0819027 on the 20th day of September, 2001 in the County Criminal
Court Number 10 of Tarrant County, Texas.@ 

In his motion to quash the
indictment, appellant complained that the indictment failed to state an offense
because two sequential convictions for indecent exposure are necessary before a
person is required to register as a sex offender, and the indictment in this
case alleged only that appellant had two convictions which occurred on the same
day.  The trial court denied appellant=s motion to quash the indictment. 
Thereafter, appellant entered an open plea of guilty, and upon finding
him guilty, the trial court assessed punishment at ten months= confinement in the Tarrant County Jail.   








Generally, a sex offender who
has a Areportable conviction@ must register with the local enforcement authority in any
municipality where the person resides or intends to reside for more than seven
days.[2]  Under former article 62.01(5), a reportable
conviction included Athe second
conviction for a violation of Section 21.08 (Indecent exposure).@[3] 

When construing a statute, we
look to the literal text of the statute for its meaning, and we give effect to
the statute=s plain
meaning, unless the language is ambiguous or application of the statute=s language would lead to an absurd result that the legislature could
not possibly have intended.[4]  








The language of article
62.01(5) clearly and unambiguously provides that any second conviction for
indecent exposure is a reportable conviction.  
Nothing in the statute requires that when two or more convictions occur
on the same day, as did the convictions at issue, they must occur in sequential
order for one of the convictions to qualify as the second conviction.  The fact that the legislature chose not to
include language in article 62.01(5) that would require convictions to occur in
a specified order demonstrates a clear legislative intent not to require the
State to prove that the convictions occurred in sequential order or that they
arose from separate transactions.[5]  Therefore, we hold that the trial court did
not err by denying appellant=s motion to quash the indictment. 


We overrule appellant=s sole issue and affirm the trial court=s judgment.  

JOHN CAYCE      

CHIEF JUSTICE

 

PANEL
A:   CAYCE, C.J.; GARDNER and WALKER, JJ.

 

PUBLISH

 

DELIVERED:  May 11, 2006

 











[1]Act
of May 28, 2003, 78th Leg., R.S., ch. 1005, ' 8(5)(F), 2003 Tex. Gen. Laws
2944, 2948 (amended 2005) (current version at Tex.
Code Crim. Proc. Ann. art. 62.001(5)(F) (Vernon Supp. 2005)).





[2]Act
of May 29, 1999, 76th Leg., R.S., ch. 1415, ' 10, 1999 Tex. Gen. Laws
4831, 4835 (amended 2005) (current version at Tex.
Code Crim. Proc. Ann. art. 62.051 (Vernon Supp. 2005)).  





[3]Act
of May 28, 2003, 78th Leg., R.S., ch. 1005, ' 8(5)(F), 2003 Tex. Gen. Laws
2944, 2948 (amended 2005) (current version at Tex.
Code Crim. Proc. Ann. art. 62.001(5)(F) (Vernon Supp. 2005)).





[4]Campbell
v. State, 49 S.W.3d 874, 876 (Tex. Crim. App. 2001); Boykin
v. State, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991).  





[5]See
Campbell, 49 S.W.3d at 876 (analyzing the use of state
jail felonies for punishment enhancement under section 12.35 and concluding
that by failing to use language to specify an order of the prior offenses, the
legislature chose  not to require that
the prior state jail felony convictions be sequential); Gibson v. State,
995 S.W.2d 693, 696-97 (Tex. Crim. App. 1999) (concluding that the  DWI enhancement statute did not require the
State to prove the prior convictions occurred sequentially).